**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM A. GRAVEN, | No. 11-16763 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00556-NVW |
| v. | |
| BARACK OBAMA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 8, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant William Graven appeals from the district court's

judgment dismissing this case. Because the parties are familiar with the facts and

procedural history, we repeat only those facts necessary to resolve the issues raised

on appeal. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Graven's application for a writ of mandamus is without merit for at least two independent reasons. First, the duty that Graven seeks to enforce is not "ministerial and so plainly prescribed as to be free from doubt." *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997). In his complaint, Graven makes clear that he seeks relief under the discretionary portion of 25 U.S.C. § 229. Indeed, the complaint expressly provides that the "Purpose of this Action" is to compel Defendants "to take the further steps as shall be proper in the opinion of the President to obtain satisfaction for the injury." Graven thus attempts to compel action that is purely discretionary.

Second, Graven does not demonstrate that "no other adequate remedy is available." *R.T. Vanderbilt Co.*, 113 F.3d at 1065 n.5. To the contrary, Graven was in the midst of pursuing alternative remedies when he filed this lawsuit. Graven admits in his complaint that, when he filed suit, a related matter was pending before the Interior Board of Indian Appeals. Moreover, Graven failed to fully avail himself of tribal court remedies.

For these reasons, Graven's application for a writ of mandamus is without merit. While the district court incorrectly dismissed this case under Federal Rule of Civil Procedure 12(b)(1), rather than under Rule 12(b)(6), we may affirm on any basis supported by the record. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th

2

Cir. 2013). Under the circumstances here, "a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion." *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010). We therefore affirm the judgment of the district court.[1]

**AFFIRMED.**

---

[1] Defendants-Appellees' Motion to Take Judicial Notice, filed November 15, 2013, is GRANTED. The Motion to Withdraw as Pro Bono Counsel, filed April 9, 2014, is GRANTED.